## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

November 6, 2013
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In the Matter of: Sandhya Tulshyan, Applicant
to the West Virginia Board of Law Examiners**

**No. 13-0072 (Original Proceeding)**

Sandhya Tulshyan, Petitioner, *pro se*.

John M. Hedges, Esq., for Respondent West Virginia Board of Law Examiners

## MEMORANDUM DECISION

This matter is before the Court on the exceptions of the petitioner, Sandhya Tulshyan, to the Board of Law Examiners' (hereinafter "the Board" or "the Board's") denial of her application to practice law in West Virginia without examination. Petitioner seeks admission to the practice of law in West Virginia without examination, commonly referred to as reciprocity, based on her license to practice law in New York. The Board concluded that she lacks the required minimum educational requirements as a graduate of a foreign law school to be eligible for such admission without examination in West Virginia.

The Court has carefully reviewed and considered the pleadings, together with the appendix record before the Court. This case does not involve a substantial question of law and the Court does not disagree with the decision of the Board as to the question of law. Therefore a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure. We agree with the finding of the Board that the petitioner is not eligible for admission to the practice of law in West Virginia without examination.

The petitioner is a graduate of Bishnu Ram Medhi Government Law College in Guwahati, India. After moving to the United States, she sought admission to the New York State Bar. New York's rules for eligibility for admission to the practice of law require that an applicant of a foreign law school complete twenty credit hours in a program of study at an approved law school in the United States. In order to meet this requirement, the petitioner enrolled in the Masters of Law Program at Fordham University School of Law and received her LLM degree in May 2004 with 24 credit hours. Having satisfied the New York educational requirements as an applicant of a foreign law school, the petitioner applied for admission to the New York Bar through examination. She passed the July 2004 New York bar examination and was admitted to the practice of law in New York on May 18, 2005.

On July 17, 2012, the petitioner filed an application to the West Virginia Board of Law Examiners seeking reciprocity admission under Rule 4.0 of the Rules for Admission to the Practice

1

of Law (hereinafter "Rules for Admission"). The petitioner's application under Rule 4.0 is based upon her prior admission to the State Bar of New York in May 2005 and her active practice of law in that state from February 2006 until May 2012. Upon review of the petitioner's application and accompanying records, by letter dated August 8, 2012, the Board of Law Examiners denied the petitioner's application based on the petitioner's failure to meet the requirements of Rules 2.0 and 3.0 of the Rules for Admission. Following the denial, the petitioner timely requested an administrative hearing pursuant to Rule 6.0 of the Rules for Admission.

An administrative hearing was held on November 7, 2012. The petitioner testified regarding her legal education and her experience practicing law in New York. The hearing examiner issued his findings and conclusions in a report dated November 9, 2012. The hearing examiner determined that the Board erroneously concluded that the petitioner does not meet the requirements in Rules 2.0 and 3.0 of the Rules for Admission. The hearing examiner found that since the petitioner passed the bar examination for the State of New York and was admitted to the Bar of New York, she established equivalency under Rule 3.0(b)(1). The hearing examiner concluded that the fact that the petitioner does not meet the requirements in Rule 3.0(b)(4) is of no consequence because she has established equivalency in another manner.

On December 22, 2012, the Board reviewed the hearing examiner's report of November 9, 2012, together with the transcript of the hearing and the documentation that the petitioner submitted in support of her application, and the Board voted to deny the petitioner's application based on the petitioner's failure to meet the educational requirements in Rules 2.0 and 3.0 of the Rules for Admission. In its decision, the Board states:

> Where an applicant is a graduate of a foreign law school, however, at which instruction is centered on the legal system of that foreign country, the Board must also consider whether the applicant has received substantial instruction on the legal system of the United States. In order to accomplish this goal, the West Virginia Supreme Court established a threshold requirement that the applicant complete a minimum of thirty credit hours at a law school accredited by the ABA. Rule 3.0 gives no discretion on the part of the Board to waive or modify this requirement, regardless of any particular applicant's other credentials.

Pursuant to Rule 6(e) of the Rules for Admission, the petitioner filed exceptions to the Board's recommendations on January 18, 2013. She argues that based upon her admission to the practice of law in New York and her experience as a practicing attorney in that state for over seven years, she should be admitted to practice law in West Virginia pursuant to Rule 4.0.

The Board filed its Summary Response on March 4, 2013 and argues that Rule 4.0 is not to be read in isolation or to the exclusion of the general requirements for admission to practice law. The Board asserts that that petitioner, as a reciprocity applicant under Rule 4.0, is not exempt from satisfying the general requirements for admission under Rule 2.0 and the educational requirements set forth in Rule 3.0 of the Rules for Admission.

In her Reply Brief filed March 20, 2013, the petitioner argues that based upon the fact that New York is one of the states with which West Virginia exercises reciprocity, their standard of admission should be considered substantially equivalent to the standards for admission in West Virginia, and her reciprocity admission should be automatic. The petitioner asserts that that Court can apply Rule 4.0 to the exclusion of Rules 2.0 and 3.0.

The main issue on appeal is whether the Board correctly concluded that Rule 3.0(b)(4), Rules for Admission, applies to all foreign law school graduates seeking admission to practice law in West Virginia.

"This Court reviews *de novo* the adjudicatory record made before the West Virginia Board of Law Examiners with regard to questions of law, questions of application of the law to the facts, and questions of whether an applicant should or should not be admitted to the practice of law. Although this Court gives respectful consideration to the Board of Law Examiners' recommendations, it ultimately exercises its own independent judgment. On the other hand, this Court gives substantial deference to the Board of Law Examiners' findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record." Syllabus Point 2, *Matter of Dortch,* 199 W.Va. 571, 486 S.E.2d 311 (1997).

Article eight, section one *et seq.* of the West Virginia Constitution vests in the Supreme Court of Appeals the authority to define, regulate and control the practice of law in West Virginia. Syl. Pt. 1, *Daniel V. Lane v. West Virginia State Board of Law Examiners*, 170 W.Va. 583, 295 S.E.2d 670 (1982). Pursuant to this inherent authority, this Court has promulgated the Rules for Admission.

Rule 2.0 of the Rules for Admission sets forth the following general requirements for admission:

An applicant is eligible for admission to the practice of law in West Virginia upon establishing to the satisfaction of the Board of Law Examiners: (1) age of at least eighteen (18) years; (2) good moral character and fitness; (3) graduation from an approved college or university with an A.B., B.S., or higher degree, or its equivalent; (4) graduation from an approved law school with an L.L.B., J.D., or its equivalent under Rule 3.0(b); (5) passing score on the West Virginia General Bar Examination or qualification under Rule 4.0, et seq.; and, (6) passing score on the Multistate Professional Responsibility Examination within twenty-five months of achieving a passing score on the West Virginia Bar Examination or application for admission on motion. Any conviction for false swearing, perjury or any felony, and the applicant's prior and subsequent conduct, shall be considered in the determination of good moral character and fitness.

Rule 3.0(b) of the Rules for Admission provides, in pertinent part, as follows:

(b) *Policy on equivalency.* —The Board of Law Examiners will consider the following circumstances to be the equivalent of completion of a full course of study in a law

school accredited by the American Bar Association, and an applicant meeting the standards set forth herein shall be presumed to be eligible to take the West Virginia Bar Examination; providing that all other requirements set forth in Rule 3.0, et seq., for admission to the bar examination are met; Provided, That graduates of correspondence law courses, including law schools providing more than 50% of classes as Internet-based classes, shall not be eligible to take the West Virginia Bar Examination;

(1) The applicant is a graduate of a non-ABA accredited law school who has successfully passed the bar examination of another state, the District of Columbia, or commonwealth or territory of the United States, and has been admitted to practice in such state, district, commonwealth, or territory, or

….

(4)(a) The applicant is a graduate of a law school of a foreign country where the common law of England exists as the basis of its jurisprudence, and

(b) The educational requirements for admission to the bar in said country are substantially the same as those of this State, and that the applicant has satisfied those requirements, and

(c) The applicant has successfully completed study at an ABA-accredited law school, with a minimum of 30 credit hours of basic courses selected from the following areas of law: Professional Responsibility/Legal Ethics, Contracts, Property (Real and Personal), Uniform Commercial Code, Criminal Law, Evidence, Business Organizations/Corporations, Domestic Relations, Wills, Trusts and Estates, Constitutional Law, Civil Procedure, Criminal Procedure, Torts, Federal Taxation and Conflict of Laws, and which such study shall be completed within a period of 36 calendar months from the date of the inception of such study.

The burden of establishing eligibility to take the bar examination to the satisfaction of the Board of Law Examiners shall be on the applicant and upon the institution seeking admission to the bar examination for its graduates.

*Id.,* R. 3.0

Rule 4.0 of the Rules for Admission sets forth the specific requirements for admission based upon reciprocity. Rule 4.0(b) provides:

(b) *Reciprocity requirements.* — To be eligible for admission to practice in the State of West Virginia upon the basis of admission in any other state, an applicant must have been lawfully engaged in the active practice of law for five (5) of the seven (7) years next preceding his or her application and must have held a valid license to practice law from some state throughout such five year period; and, must demonstrate to the Board that the standards of admission in at least one of the states where he or she

4

was previously admitted were, at the time of the applicant's admission in that state, and are now, substantially equivalent to the standards for admission in West Virginia.

Applying the current West Virginia Rules for Admission, the petitioner's argument has no merit. Rule 4.0 cannot be read in isolation. The petitioner does not satisfy the general requirements for admission because she did not complete the requisite 30 hours of education required to satisfy the West Virginia Rules for Admission. The general requirements of Rule 2.0 include "graduation from an approved law school with an L.L.B., J.D., or its equivalent under Rule 3.0(b)." The petitioner is a graduate of Bishnu Ram Medhi Government Law College in Guwahati, India, a law school of a foreign country where the common law of England exists as the basis for its jurisprudence. It is not an approved law school for purposes of admission to the practice of law in West Virginia. Therefore, the petitioner is required to satisfy the equivalency provisions of Rule 3.0(b). Specifically, Rule 3.0(b)(4)(c) requires that as a graduate of such foreign law school, she has to successfully complete study at an ABA-accredited law school, with a minimum of 30 credit hours of basic courses selected from certain listed areas of law. The petitioner has successfully completed only 24 credit hours at Fordham University School of Law, an ABA-accredited law school, which she did to satisfy the educational requirements for eligibility to practice law in New York. She does not meet the 30 credit hour requirement of this rule as referenced in the general requirements for admission eligibility set forth in Rule 2.0. The standards for admission to practice law in New York at the time of petitioner's admission to practice law in New York were not substantially equivalent to the requirements for admission to practice law in West Virginia. Petitioner has not met the educational requirements for eligibility to practice law in West Virginia as a graduate of a foreign law school. Therefore, she is not currently eligible for admission to practice law in West Virginia without examination.

Upon consideration of the applicable standard of review and the record presented, this Court affirms the Board's finding that the petitioner, Sandhya Tulshyan, is not eligible for admission to the practice of law without examination in West Virginia.

Affirmed.

**ISSUED:** November 6, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis Ketchum